UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CECIL RAY HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-0779 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| ALLIEDBARTON SECURITY | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Cecil Ray Harden, filed this action under Title VII of the Civil Rights Act ("Title VII") of 1964, as amended, 42 U.S.C. § 2000e et seq., against Defendant AlliedBarton Security Services, LLC ("AlliedBarton"). Plaintiff asserts that the Defendant discriminated against him based upon his race and retaliated against him for testifying in a proceeding before the Equal Employment Opportunity Commission.

Before the Court is Defendant's motion to dismiss (Docket Entry No. 14) under Fed. R. Civ. P. 12(b)(5), contending that Plaintiff failed to effect proper service on it within 120 days after the filing of Plaintiff's complaint pursuant to Fed. R. Civ. P. 4(m). Plaintiff has not filed a response.

In deciding a motion to dismiss under 12(b)(5), a court may consider matters outside of the pleadings, such as affidavits. "Facts as attested to in uncontroverted affidavits may be considered in ruling on a motion to dismiss under Rule 12(b)(5)." Metropolitan Alloys Corp. v. State Metals Indus., Inc., 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (2d ed.).

On or about December 6, 2010, the summons and complaint were purportedly served on AlliedBarton by the United States Marshal's Service by certified mail, at 61 Hilton Avenue, Garden City, NY 11530. (Docket Entry No. 13). The signer did not check the box on the return receipt reflecting whether he was an agent of the Defendant. Id. Defendant asserts that its business address is not at 61 Hilton Avenue, Garden City, NY 11530 nor is that the address of Defendant's registered agent for service in the State of Tennessee. (Docket Entry No. 15; Exhibit A). Defendant's registered agent is in Knoxville, Tennessee, and Defendant's principal address is in Conshohocken, Pennsylvania.

Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure provides that a corporation may be served, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[1] Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff filed his complaint (Docket Entry No. 1) on August 19, 2010. The Court granted Plaintiff *in forma pauperis* status on November 17, 2010, instructing the Clerk of the Court to issue process. (Docket Entry No. 8). Because of Plaintiffs' *in forma pauperis* status, the Court is obligated to order the United States Marshal to effectuate service on Defendant. Byrd v. Stone, 94

---

[1] The Federal Rules also provide that service may be made in any manner permitted by state law. Tennessee state law tracks the Federal Rules with respect to service of process on corporations. See Tenn. R. Civ. P. 4.04(4).

F.3d 217, 219 (6th Cir. 1996). Thus, the 120 day time period did not commence from the date the complaint was filed, but from the Court's order on November 17, 2010. Handy v. Gannett Satellite Information Network, Inc., No. 3:06-0331, 2007 WL 1975575, at *6 (M.D. Tenn. July 6, 2007). Thus, Plaintiff has until March 17, 2011, to effectuate service on Defendant.

Accordingly, the Defendant's motion to dismiss (Docket Entry No. 14) is **DENIED** without prejudice.

It is so **ORDERED.**

**ENTERED** this the 18th day of February, 2011.

WILLIAM J. HAYNES, JR
United States District Judge