UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CECIL RAY HARDEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-00779 |
| | ) | Judge Sharp |
| ALLIEDBARTON SECURITY SERVICE | ) ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On June 7, 2013, this Court entered an Order and Memorandum, granting Defendant's Motion for Summary Judgment, except with respect to Plaintiff's claim that he was discharged because of his race. Defendant has filed a Motion for Reconsideration and Request for Oral Argument (Docket No. 66), to which Plaintiff has responded in opposition (Docket No. 67). Defendant's Motion will be denied.

In allowing Plaintiff's termination claim to go forward, the Court wrote:

> Given the undisputed evidence that Plaintiff sent Ms. Brownfield only the one sexually offensive email, it is an open question as to whether his termination was in accordance with company policy. "It is well established that pretext can be shown by 'evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances." Timmerman v. U.S. Bank, NA, 483 F.3d 1106, 1119 (10th Cir. 2007) (citation omitted); see, Huston v. Tennessee State Bd. of Regents, 1996 WL 196439 at *2 (6th Cir. April 22, 1996) ("Certainly the fact that an employer has failed to follow internal guidelines may be evidence that a proffered explanation is a mere pretext"); Gibson v. Amer. Greeting Corp., 670 F.3d 844, 854 (8th Cir. 2012) (citation omitted) ("A plaintiff may show pretext, among other ways by showing that an employer (1) failed to follow its own policies . . .").

(Docket No. 63 at 13).

In moving for reconsideration, Defendant argues that "the Court has misapplied the facts of

1

this case to the line of cases holding that a failure to follow company policies can support a finding of pretext," and that "in each of the cases cited by the Court for the underlying legal proposition, the opinion went on to hold that summary judgment was still appropriate[.]" (Docket No. 66 at 4). Defendant then spends a paragraph on each case pointing out language in its favor.

The Tenth Circuit in Timmerman did, in fact, affirm the grant of summary judgment, but, in doing so, "noted that the issue is not whether the decision to terminate Ms. Timmerman was wise, fair or correct, but whether U.S. Bank reasonably believed at the time of the termination that Ms. Timmerman had violated company policy, and acted in good faith upon that belief." Timmerman, 483 F.3d at 1120. The court also wrote that "[n]either Title VII nor the ADEA prohibits an employer from making hasty decisions that appear harsh; what they forbid are decisions made with discriminatory animus." Id. This is exactly the point that this Court made when denying summary judgment: it is a jury question as to whether Defendant acted in good faith and without discriminatory animus in firing Plaintiff based, purportedly, on the email he sent.

Contrary to Defendant's assertion, the Sixth Circuit in Huston did not affirm the grant of summary judgment, but rather affirmed the district court after a bench trial. As for an employer's failure to follow its own guidelines, the Sixth Circuit stated that "such a fact is not *necessarily* sufficient to establish pretext," and stated that "[t]his is particularly true here, where the trial court found that the committee followed the substance of the guidelines and only erred in failing to put its criteria in writing." Huston, 1996 WL 196439 at *2 (emphasis added). In this case, as the Court observed in the ruling on summary judgment, the record reflects that Plaintiff sent one sexually offensive email and the Disciplinary Matrix Guidelines indicate that non-flagrant violations of the sexual harassment policy subjects an offender to a final warning, with termination to occur upon a

second offense. This suggests more than the mere failure to follow the substance of the guidelines, but rather complete ignorance of the guidelines (maybe for unlawful reasons), or so a jury could conclude.

As for Gibson, Defendant argues "that the court did note that one way to show pretext is that the defendant 'failed to follow its own policies,' but the court did not rely upon that fact in denying summary judgment"; rather, "the court *affirmed* the district court's grant of summary judgment." (Docket No. 66 at 4, emphasis at original). True, but the fact that the Eighth Circuit found no need to discuss the failure to follow policy in a case where one plaintiff was written up five times and the other three times before termination does not make the legal principle any less sound.

Defendant also cites numerous cases that are said to stand for "the well-recognized principle that the inquiry in an employment discrimination case is not whether an employer's decision is fair, but instead whether the decision was discriminatory." (Id. at 66). Defendant then argues:

> An employer's discretion to respond appropriately to misconduct by its employees is especially important in a situation like this one. Sexual harassment of the kind committed by Plaintiff can lead to liability – in some cases, substantial liability – for an employer. Upon receiving a complaint of harassment, an employer is usually obligated to take steps that are reasonably calculated to prevent and correct promptly any sexually harassing behavior. . . . There is no surer way to prevent future harassment by Plaintiff than to terminate his employment.

(Id., citation omitted).

No doubt, keeping a known harasser on the payroll can lead to liability, and terminating every employee who engages in any kind of harassment is a sure way to prevent that continued harassment. But that is not what was called for under the policy, and terminating an employee for unlawful, discriminatory reasons can also lead to liability.

As the Court made clear in its earlier ruling, "[t]his is a close case, 'but the need to resolve

3

factual issues in close cases is the very reason we have juries.'" (Docket No. 63 at 15, quoting, First Nat'l of Omaha v. Three Dimension Sys. Prod., Inc., 289 F.3d 542, 545 (8th Cir. 2002)). Defendant's Motion for Reconsideration and Request for Oral Argument (Docket No. 66) is DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE